IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMED TECHNOLOGIES CORP., <br> *Plaintiff*, <br><br> v. <br><br> REPRO-MED SYSTEMS, INC. (d/b/a RMS MEDICAL PRODUCTS), <br><br> *Defendants*. | Case No. 2:15-cv-1167-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant's[1] Motion to Stay Pending *Inter Partes* Review. (Dkt. No. 45; "Motion to Stay"). Plaintiff[2] opposes the Motion to Stay. (Dkt. No. 52).

## I. LAW

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Gonzalez v. Infostream Grp., Inc.*, Case No. 2:14-cv-906, Dkt. No. 45 (E.D. Tex. Mar. 2, 2015). In particular, the question whether to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (request for stay pending inter partes reexamination). A

---

[1] "Defendant" or "RMS" refers to Repro-Med Systems, Inc.

[2] "Plaintiff" or "EMED" refers to EMED Technologies Corp.

stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, Dkt. No. 152, 2015 U.S. Dist. LEXIS 29573 at *4 (E.D. Tex. Mar. 11, 2015); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-cv-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-cv-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs*, 2015 U.S. Dist. LEXIS 29573 at *5. "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## II. ANALYSIS

This case was filed June 25, 2015. (Dkt. No. 1). On September 17, 2015 RMS filed a petition for *inter partes* review of all claims of the Asserted Patent (Pat. No. 8,961,476). (Dkt. No. 45 at 5).[3] On February 19, 2016 the PTAB instituted IPR[4] on all claims of the '476 Patent. (Dkt. No. 45-2).

---

[3] Citations to the docket use the page number in the CM/ECF header.

[4] Case No. IPR2015-01920

## A. Undue Prejudice

EMED argues that a stay would cause prejudice and provide a tactical advantage to RMS. *First*, EMED notes that RMS recently filed an Opposed Motion to extend by one month the deadline for substantial completion of document production. (Dkt. No. 41). EMED contends that granting a stay would reward RMS for its allegedly dilatory discovery conduct by effectively extending all deadlines in this case. (Dkt. No. 52 at 4).

*Second*, "EMED and RMS are direct competitors in the sale of needle sets at issue in the '476 patent" and EMED is seeking a permanent injunction. (*Id.*). Accordingly, EMED argues, staying this case would be prejudicial because EMED is not merely seeking relief compensable in money damages.

EMED's arguments are well-taken. The Court finds that staying this case would cause prejudice to EMED. However, this prejudice is not alone dispositive. Competitors often seek injunctions in patent infringement lawsuits, and discovery disputes are not uncommon in complex litigation. If these facts alone were sufficient to deny a motion to stay, a stay would be unavailable in virtually every case involving competitors. EMED does not identify any specific prejudice that would set this case apart from a typical patent suit between competitors.

Accordingly, the Court finds that a stay would result in some degree of prejudice to EMED. This factor weighs against a stay.

## B. Stage of Proceedings

This case is at an intermediate stage. The fact discovery deadline is still several months away, but the deadline to substantially complete document production has passed. (Dkt. No. 39). Claim construction briefing recently began, but the Court has not held a claim construction hearing; expert discovery is not yet underway. (*Id.*).

EMED argues that RMS was not diligent in filing its IPR petition or in moving the Court for a stay once the PTAB instituted IPR. (Dkt. No. 52 at 2). RMS filed its IPR petition approximately three months after the filing of the complaint in this action. RMS filed its motion to stay approximately two months after the PTAB instituted IPR.

This Court places substantial weight on the parties' diligence when deciding whether to grant a stay. However, EMED has not shown that RMS acted unreasonably. Courts have held that a delay of over seven months can be reasonable. *See NFC Techs*, 2015 U.S. Dist. LEXIS 29573 at *10–11 ("Given the complexity entailed in seeking *inter partes* review, a delay of seven and one-half months from the filing of the complaint is not unreasonable."). Although a two month delay between the institution of IPR and the filing of a motion to stay is not ideal, this delay seems to have been occasioned by RMS's change in counsel, which occurred shortly after the PTAB instituted IPR. *See* (Dkt. No. 37). It is possible RMS could have acted somewhat more diligently, but the Court ascertains no indication of unreasonable or intentional delay.

In light of the stage of the case and the parties' conduct, the Court finds that this factor is neutral.

### C. Issue Simplification

Finally, the Court considers the extent to which a stay would simplify the issues in the case. When IPR is instituted on all asserted claims and when all defendants are bound by the estoppel provisions of 35 U.S.C. § 315, this factor generally favors a stay: "since the circuit court's decision in *VirtualAgility*, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Techs*, 2015 U.S. Dist. LEXIS 29573 at *18.

Here, the PTAB has instituted IPR on all asserted claims. Accordingly, as RMS argues, it is statistically likely that some or all claims will be invalidated. *See* (Dkt. No. 45 at 10). To the

4

extent claims are not invalidated, the IPR proceedings will remove prior art from this case under the estoppel provisions of 35 U.S.C. § 315(e)(2). RMS also argues that the parties' positions before the PTAB, including their claim construction arguments, will inform and simplify subsequent proceedings in this Court.

Accordingly, the Court finds that there is a high likelihood of issue simplification in this case. This factor weighs heavily in favor of a stay.

### III. CONCLUSION

RMS's Motion to Stay Pending IPR (Dkt. No. 45) is **GRANTED** and this case is **STAYED**. The Parties are directed to submit a joint motion on the status of the case no later than **FOURTEEN DAYS** after the PTAB issues a final written decision in Case No. IPR2015-01920.

**SIGNED this 12th day of May, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE