IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| EMED TECHNOLOGIES CORPORATION, | § § § § § § § § § § § § | |
|---|---|---|
| *Plaintiff*, | | |
| v. | | Case No. 2:15-cv-01167-JRG-RSP |
| REPRO-MED SYSTEMS, INC. D/B/A RMS MEDICAL PRODUCTS, | | |
| *Defendant*. | | |

## ORDER

The above entitled and numbered civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. In this action, Defendant Repro-Med Systems, Inc. ("Repro-Med") moved for summary judgment as to non-infringement, arguing that there is no evidence that the Accused Products contain each limitation of claim 9 either literally or under the doctrine of equivalents. (Dkt No. 121). Magistrate Judge Payne recommended that Repro-Med's summary judgment motion be granted in all respects. (Dkt. No. 166). Plaintiff EMED Technologies Corporation ("EMED") objects to the Report & Recommendation. (Dkt. No. 168). EMED's objections can be distilled down to two main arguments, with each lacking merit.

First, EMED argues that the Report & Recommendation misunderstands EMED's claims. (Dkt. No. 168). Whether this contention is true or not, EMED fails to demonstrate how the Accused Products meet the groove limitation. EMED submits the following figure as a reference for its arguments:

1



(Dkt. No. 168 at 3). EMED contends that it "specifically points to the cut in the right wing as being the groove. The lip extending at least partially around the wing form[s] walls of the groove." (*Id.*). EMED adds that the plug sits in the middle of the groove. (*Id.* at 2).

EMED's objection lacks merit in this regard. EMED offers no explanation as to how the encircled area on the Accused Products meets the groove limitation set forth in claim 9, especially given that the Court construed the term "groove" to mean "a long narrow cut or depression." (Dkt. No. 109 at 18). Further, claim 9 requires the groove to perform a certain function – housing at least a portion of the needle when the wings are in the closed position. *See* '476 Patent at 14:337-38. Thus, even if the encircled area were indeed a groove, EMED still fails to demonstrate how that groove performs the claimed function of housing at least a portion of the needle. EMED's argument lacks merit, contradicts claim 9's language and the Court's construction of the term "groove," and fails to create a fact issue.

Second, EMED argues that it presented evidence that the Accused Products infringe the patent-in-suit under the doctrine of equivalents. (Dkt. No. 168 at 4). EMED points to Ron Stoker's expert report, which proffers that "the groove encircle on the right wing is '*of sufficient size* to house the medical needle including the sharp tip [and thus] achieves the same result (housing of the medical needle including the sharp tip) in substantially the same way as a narrow cut or depression designed to house the medical needle including the sharp tip because a user is protected

from the sharp tip.'" (*Id.* at 5) (quoting Stoker Expert Rep., Dkt. No. 137-2) (emphasis added). EMED's objections on this ground is procedurally and substantively problematic.

Procedurally, EMED attached no summary judgment evidence to its response in opposition (Dkt. No. 126) to Repro-Med's summary judgment motion. EMED simply denied Repro-Med's arguments. Mere denials do not suffice. A nonmoving party cannot defeat summary judgment by resting on mere denials or allegations, but must set forth specific facts sufficient to raise a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Needless to say, unsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (*citing Celotex*, 477 U.S. at 324). EMED only attached one piece of evidence to its sur-reply – the entire 28-page expert report from Ron Stoker – and provided a single citation to one page to support a conclusory argument. (*See* Dkt. Nos. 137 and 137-2). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. […] Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458 (internal citations and quotations omitted).

Substantively, EMED's arguments are frivolous. Under the doctrine of equivalents, "a product or process that does not literally infringe a patent may nevertheless be held to infringe 'if it performs substantially the same function in substantially the same way to obtain the same result.'" *Duncan Parking Techs., Inc. v. IPS Grp.*, Inc., 914 F.3d 1347, 1362 (Fed. Cir. 2019) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)). EMED merely argues that the encircled area is *of sufficient size* to house the medical needle, yet claim 9 states that the groove does indeed house the needle, not just that the groove is large enough to do

3

so. In other words, the mere fact that the encircled area might be large enough to house the needle does not mean that the encircled area actually achieves the same result as the claimed invention. Here, the claimed result is housing at least a portion of the needle when the wings are in the closed position. *See* '476 Patent at 14:337-38. There is no fact issue created.

The Court therefore concludes Magistrate Judge Payne's Report and Recommendation (Dkt. No. 166) is correct. The Court **ADOPTS** Magistrate Judge Payne's recommendation and **OVERRULES** EMED's objections (Dkt. No. 168). Repro-Med's motion for summary judgment (Dkt. No. 121) is therefore **GRANTED**.

**So ORDERED and SIGNED this 28th day of June, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE